POPE v. STATE.

4556                                           219 S. W. 2d 940

Opinion delivered May 2, 1949.

*Adams & Willemin,* for appellant.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

Robins, J. Appellant was indicted by the grand jury for the offense of keeping a gambling house (in violation of §§ 41-2001-4, Ark. Stats. (1947). It was alleged in the indictment that appellant "on the 1st day of March, 1948, did unlawfully, wilfully, knowingly and feloniously keep, conduct, operate and have an interest in the conduct of and operation of a gambling house commonly known as "Joe Buck's Place" on the Paragould Highway near Jonesboro, wherein gambling was conducted and gaming devices exhibited. . . ."

A jury found him guilty of operating a gambling house and fixed his punishment at imprisonment in the penitentiary for one year; and from judgment in accordance with the verdict this appeal is prosecuted.

For reversal it is argued that the testimony was not sufficient to support the verdict, and that the lower court erred to the prejudice of appellant in refusing to submit to the jury the misdemeanor charge (setting up gaming devices in violation of Ark. Stats. (1947), §§ 41-2003 and 41-2004), which offense appellant insists was embraced in the indictment.

There was abundant evidence to establish appellant's guilt. It was shown without contradiction that the property described in the indictment was owned by appellant and Joe Buchanan; that it was fitted up as a gambling house with tables, paraphernalia, etc., ordinarily found in such a place, that it was operated as a gambling house and that appellant assisted in the operation thereof. The utility bills for the gambling house apparently were charged to and paid by appellant. Appellant did not testify. Under the proof the jury could hardly have found other than that appellant was an active partner in the enterprise.

The lower court did not err in refusing to instruct the jury on the misdemeanor charge.

The record before us shows that the grand jury returned a separate indictment against appellant on the misdemeanor charge of setting up gaming devices. The two indictments had not been consolidated, but remained separate cases on the docket. Appellant went to trial, without any objection, on the felony charge. Under the circumstances the lower court did not err in making the instructions conform to the indictment and the proof.

Affirmed.